UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NEW YORK
_____

| | |
|---|---|
| MARILYN CORNELIUS, | **REPORT AND RECOMMENDATION** |
| Plaintiff, | |
| v. | 11-CV-00697(A)(M) |
| INDEPENDENT HEALTH ASSOCIATION, INC., incorrectly sued herein as INDEPENDENT HEALTH, | |
| Defendant. | |

_____

This action has been referred to me by District Judge Richard J. Arcara for supervision of pretrial proceedings, including preparation of a Report and Recommendation on dispositive motions [8].[1] Before me is defendant's motion for summary judgment [64]. Plaintiff's initial deadline for responding to that motion was April 22, 2013 [63]. At plaintiff's request, I twice extended her deadline for responding to the motion [69, 72], yet plaintiff filed no papers in opposition to the motion. At oral argument of the motion yesterday, plaintiff requested yet another extension of her deadline to file opposing papers. For the reasons stated on the record, that oral request is denied, and the motion [64] is deemed unopposed.

However, even "where a nonmoving party chooses the perilous path of failing to submit a response to a summary judgment motion, the district court still has an obligation to determine whether summary judgment is appropriate". <u>Fabrikant v. French</u>, 691 F.3d 193, 215 n. 18 (2d Cir. 2012). Having carefully reviewed the motion, I find that defendant has met its burden for obtaining summary judgment. For the reasons stated on the record at the conclusion of yesterday's

---

[1] Bracketed references are to the CM/ECF docket entries.

oral argument, I recommend that the motion [64] be granted in full, by dismissing plaintiff's Title VII claim on the merits, and by declining to exercise supplemental jurisdiction over her state law claims.

Unless otherwise ordered by Judge Arcara, any objections to this Report and Recommendation must be filed with the clerk of this court by June 17, 2013 (applying the time frames set forth in Fed. R. Civ. P. ("Rules") 6(a)(1)(C), 6(d), and 72(b)(2)). Any requests for extension of this deadline must be made to Judge Arcara. A party who "fails to object timely . . . waives any right to further judicial review of [this] decision". Wesolek v. Canadair Ltd., 838 F. 2d 55, 58 (2d Cir. 1988); Thomas v. Arn, 474 U.S. 140, 155 (1985).

Moreover, the district judge will ordinarily refuse to consider *de novo* arguments, case law and/or evidentiary material which could have been, but were not, presented to the magistrate judge in the first instance. Patterson-Leitch Co. v. Massachusetts Municipal Wholesale Electric Co., 840 F. 2d 985, 990-91 (1st Cir. 1988).

The parties are reminded that, pursuant to Rule 72(b) and (c) of this Court's Local Rules of Civil Procedure, written objections shall "specifically identify the portions of the proposed findings and recommendations to which objection is made and the basis for each objection . . . supported by legal authority", and must include "a written statement either certifying that the objections do not raise new legal/factual arguments, or identifying the new arguments and explaining why they were not raised to the Magistrate Judge". Failure to comply with these provisions may result in the district judge's refusal to consider the objections.

Dated: May 31, 2013

/s/ Jeremiah J. McCarthy
JEREMIAH J. MCCARTHY
United States Magistrate Judge